IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No.: 1:12-cv-03256-WJM-KLM**

ANDRE WALKER,

    Plaintiff,

v.

HEALTH INTERNATIONAL CORPORATION,
HSN, INC. and HSN INTERACTIVE LLC,

    Defendants.

---

### PROTECTIVE ORDER

---

WHEREAS, discovery requests have or soon will be served in the above-captioned action; and

WHEREAS, such requests will likely require the production or disclosure of confidential or sensitive financial, business, or commercial information;

NOW, THEREFORE, pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court HEREBY ORDERS:

1.     For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or materials:

    (a)     which is produced for or disclosed to a receiving party (plaintiff or defendant) in discovery in this action; and

(b) which has been so designated in the manner set forth in Paragraph 3 (as either "CONFIDENTIAL" or "CONFIDENTIAL –ATTORNEYS' EYES ONLY") prior to the time of disclosure.

2. Information, documents, and things that a party or third party in good faith believes constitutes or contains nonpublic, confidential or proprietary information, maybe designated as "CONFIDENTIAL." Information, documents and things that a party or third party in good faith believes constitutes or contains proprietary, trade secret and/or other sensitive confidential research, development, business, commercial or financial information, the disclosure of which can reasonably be expected to lead to competitive harm to, or otherwise constitute an unwarranted invasion of, the privacy or the commercial or business interests of the producing party or witness, may be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3. (a) CONFIDENTIAL INFORMATION contained in physical or electronic objects or documents, in whatever form, including but not limited to any correspondence, memoranda, exhibits, responses to letters, etc., or copies thereof, shall be designated by stamping or affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the cover or first page and on each page containing confidential information.

(b) Any party or any third party witness may designate a document or other item as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by delivering a copy to the party seeking discovery with the appropriate stamp.

(c) If CONFIDENTIAL INFORMATION is or is about to be disclosed orally or has just been disclosed orally on the record of any deposition, counsel for the producing party or third party witness may so designate the information. Testimony designated as CONFIDENTIAL INFORMATION during a deposition shall be placed by the reporter in a separate volume. Parties or third parties may designate testimony as CONFIDENTIAL INFORMATION up to 30 days after receipt of the official deposition transcript.

(d) The disclosure by a producing party of CONFIDENTIAL INFORMATION by way of delivering responses to discovery requests, delivering copies of documents, disclosing deposition testimony or otherwise, without the designation required by paragraph 3(a), shall not constitute a waiver of any claim of confidentiality if (a) such disclosure resulted from inadvertence or mistake on the part of the producing party, (b) such inadvertent or mistaken disclosure has been brought to the attention of the receiving party promptly after discovery of such disclosure and (c) within ten (10) days of such discovery, the producing party has provided properly marked documents. Upon such notice, and upon receipt of properly marked documents, the materials shall be treated as confidential and the receiving party shall return said unmarked documents and things to the extent practicable, and shall not retain copies thereof and shall treat information contained in said documents and things and any summaries or notes thereof as CONFIDENTIAL INFORMATION.

4. Any and all information, documents and things that are made available for inspection shall be treated as having been designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Protective Order, whether or not so marked, until copies of the information, documents and things are requested and

produced. Produced documents and things, and information therein, shall be held pursuant to this Protective Order based on the designation, if any, marked on the documents by the producing party.

## USE OF CONFIDENTIAL INFORMATION

5.  Any information, documents or things designated as "CONFIDENTIAL" or as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used solely for the preparation and trial of this lawsuit, settlement discussions and negotiations in connection with this lawsuit, or any form of alternative dispute resolution of this action, and for no other purpose.

## PERMITTED DISCLOSURE OF CONFIDENTIAL INFORMATION

6.  CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to Qualified Recipients.

7.  For purposes of this Order, "Qualified Recipient" of information, documents and things designated as "CONFIDENTIAL" means:

    (a) Legal counsel (including in-house counsel) for the parties to this action, including legal assistants, secretarial, paralegal, or other personnel actually assisting such counsel;

    (b) Any independent consultant or expert witness or other person retained to assist counsel in this litigation and who obtains authorization to receive CONFIDENTIAL INFORMATION pursuant to Paragraph 11;

    (c) The parties to this litigation, including officers, employees or agents of the parties to this litigation;

20721817 v1

4

(d) Outside vendors engaged by counsel to scan or code documents, perform photocopying, computer classification or other similar clerical functions; and

(e) The Court and Court personnel, including stenographic reporters and others retained to record testimony given in this action.

(f) Any other person as to whom the producing party agrees in writing or as to whom a court order has been obtained.

8. For purposes of this Order, "Qualified Recipient" of information, documents and things designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" means:

(a) Legal counsel (including in-house counsel) for the parties to this action, including legal assistants, secretarial, paralegal, or other personnel actually assisting such counsel;

(b) Any independent consultant or expert witness or other person retained to assist counsel in this litigation and who obtains authorization to receive CONFIDENTIAL INFORMATION pursuant to Paragraph 11;

(c) Outside vendors engaged by counsel to scan or code documents, perform photocopying, computer classification or other similar clerical functions; and

(c) The Court and Court personnel, including stenographic reporters and others retained to record testimony given in this action.

9. All persons not listed in Paragraph 8, including parties to this litigation and their employees, are not Qualified Recipients for the purpose of receiving information, documents and things designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

and, therefore, are expressly prohibited from receiving any information, documents and things so designated.

10. CONFIDENTIAL INFORMATION shall be held in confidence by each Qualified Recipient to whom it is disclosed, and that person shall use the CONFIDENTIAL INFORMATION only for purposes of this action and for no other action, and shall not use it for any business or other purpose, and shall not disclose it to any person who is not a Qualified Recipient, except as hereinafter provided. All CONFIDENTIAL INFORMATION shall be carefully maintained so as to preclude access by persons who are not Qualified Recipients.

11. Should any counsel for a receiving party find it necessary, for purposes of this action, to disclose CONFIDENTIAL INFORMATION, in whole or in part, to any person pursuant to Paragraphs 7 & 8 for the purpose of assisting in connection with this action, the undersigned counsel for such receiving party shall require, before such disclosure, that every such person read this Order and execute a declaration in the form of Attachment A, stating that the person has read and understands this Order and agrees to be bound by its terms. The undersigned counsel shall maintain a file containing the declaration executed by each such person to whom disclosure of CONFIDENTIAL INFORMATION is made.

12. CONFIDENTIAL INFORMATION shall not be copied or otherwise reproduced by a receiving party, except for transmission to Qualified Recipients. Nothing herein shall, however, restrict a Qualified Recipient from making working copies, abstracts, digests, analyses of CONFIDENTIAL INFORMATION for use only in connection with this

action. Such working copies, abstracts, digests, and analyses shall be deemed CONFIDENTIAL under the terms of this Order and shall be marked accordingly.

13. Nothing in this Order shall bar or otherwise restrict an attorney who is a Qualified Recipient from rendering advice to his or her client in this action with respect to this action, and in any discovery or court proceeding in this action, from generally referring to or relying upon examination of documents which have been produced hereunder and which contain CONFIDENTIAL INFORMATION. Such references or reliance shall not relieve the disclosing counsel of his or her obligations under Paragraph 10, above, which shall continue to preclude the use of such confidential information in any other action. In rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any such document produced by the producing party or the CONFIDENTIAL INFORMATION contained therein where such disclosure would not otherwise be permitted under the terms of this Order.

14. In connection with any evidentiary hearing or trial concerning the action before the Court, counsel for a party who believes he may disclose CONFIDENTIAL INFORMATION shall give five business days advance notice to the party that produced the CONFIDENTIAL INFORMATION and that party may apply to the Court for in camera treatment of the CONFIDENTIAL INFORMATION within that time period. In connection with any other proceeding concerning this action before this Court, counsel for a party who believes he or she may disclose CONFIDENTIAL INFORMATION shall submit to the Court a timely application for in camera treatment of the CONFIDENTIAL INFORMATION.

15. When filing any documents which contain information which has been designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY , such documents shall be filed and served separately and in accordance with the Local Rules for the Federal District Court for the District of Colorado ("Local Rules"), the Electronic Case Filing ("ECF") Procedures, and the ECF User Manual for such district so that such documents are sealed from public view. All such materials so filed shall be released from confidential treatment only upon further order of the Court. Service of such CONFIDENTIAL INFORMATION on all counsel for the named parties shall be in accordance with such Local Rules and ECF procedures, and be accompanied by a cover page or similar designation as provided under the Local Rules. All other documents not designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be filed separately in accordance with such Local Rules and ECF procedures so that they are otherwise made publicly available.

16. If any deposition testimony during discovery concerns CONFIDENTIAL INFORMATION, a producing party shall have the right to exclude from the portion of the examination concerning such information any person other than the witness, the witness' attorney(s), the Qualified Recipients with respect to such information, and the court reporter. If the witness is represented by an attorney who is not a Qualified Recipient with respect to such information, then prior to the examination, either the other parties shall be given the opportunity to seek a further protective order, or the attorney shall be required to provide a written assurance, in the form of Attachment A to this Protective Order, that the

attorney will maintain the confidentiality of CONFIDENTIAL INFORMATION disclosed during the course of the examination.

17. Nothing in this Order shall prevent a party from contending that any or all information designated as CONFIDENTIAL INFORMATION should not be subject to this Order. A party may at any time request the designating party to cancel the CONFIDENTIAL INFORMATION designation with respect to any document, object and/or information and to agree that thereafter such document, object and/or information is no longer to be subject to the provisions of this Order. Such request shall be written, shall be served on counsel for the designating party, and shall particularly identify the CONFIDENTIAL INFORMATION that the requesting party contends should not be subject to this Order.

18. If the receiving party objects to the designation of any CONFIDENTIAL INFORMATION, the receiving party's objection shall be by giving written notice of the disputed CONFIDENTIAL INFORMATION to the Designating Party. Such written notice shall identify the information to which the objection is made. The parties shall attempt to resolve the dispute in good faith. However, if the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Designating Party to make [pursuant to MJ Mix's discovery procedures] an appropriate motion requesting that the Court determine whether the disputed CONFIDENTIAL INFORMATION should be subject to the terms of this Order. If such motion is made, the Discovery Material shall continue to be deemed CONFIDENTIAL INFORMATION under the terms of this Order, until the Court rules on such motion. In connection with a motion made under the paragraph, the

Designating Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

## MISCELLANEOUS PROVISIONS

19. Any document that is claimed to be inadvertently produced shall, upon notice and request by the disclosing party, be returned by the receiving party within two (2) days of the request, except where counsel for the disclosing party agrees that the receiving party may retain the inadvertently produced document, or upon order of the Court to be sought by conference call application and based upon a showing of good cause.

20. The designation of information as CONFIDENTIAL INFORMATION, pursuant to this Order, shall not be construed as a concession by a designating party that such information is relevant or material to any issue or is otherwise discoverable, or by a receiving party that such information is, in fact, confidential or sensitive financial, business, commercial, or personal information.

21. This Order shall be without prejudice to the right of any party to oppose production of any information for lack of timeliness or relevance or any other ground.

22. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney of record for the party against whom such waiver will be effective.

23. Upon final termination of this action, including all appeals, the receiving party shall, at its option, either return to the producing party or destroy, in whatever form stored or reproduced, all physical objects and documents except for pleadings and deposition transcripts and other materials filed with the Court, including, but not limited to,

correspondence, memoranda, notes, and other work-product materials, which contain or refer to CONFIDENTIAL INFORMATION; provided that all CONFIDENTIAL INFORMATION not embodied in physical objects and documents shall remain subject to this Order. In the event that any party chooses to destroy physical objects and documents, such party shall certify within ten days that it has made reasonable and good faith efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.

24. Nothing in this Order shall impose any restriction on the use or disclosure by a party of its own documents and information or information obtained independently from public sources.

25. The parties recognize that there is a pending motion to bifurcate, and that this Order is entered into without prejudice to that motion, or to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order.

26. Violation by any person of any provision of this protective order shall be punishable as contempt of Court. Further, any party hereto may pursue any and all civil remedies available to it for breach of the terms of this order.

SO ORDERED this ___2nd___ day of ___May___, 2014.

BY THE COURT:

_____
Kristen L. Mix
U.S. Magistrate Judge

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:12-cv-03256-WJM-KLM

ANDRE WALKER,

    Plaintiff,

v.

HEALTH INTERNATIONAL CORPORATION,
HSN, INC. and HSN INTERACTIVE LLC,

    Defendants.

---

DECLARATION

---

I _____ , am employed by _____. In connection with this action, I am:

   _____   an in-house counsel to one of the parties to this action;

   _____   a director, officer or employee of _____who is directly assisting in this action;

   _____   have been retained to furnish technical or other expert services or to give testimony (a "TECHNICAL ADVISOR");

   _____   Other Qualified Recipient (as defined in the Protective Order) (Describe:_____).

I have read, understand and agree to comply with and be bound by the terms of the Protective Order in the above-captioned matter. I further state that the Protective Order entered, or to be entered, by the Court, a copy of which has been given to me and which I have read, prohibits me from using any CONFIDENTIAL INFORMATION, including documents, for any purpose not appropriate or necessary to my participation in this case or disclosing such documents or information to any person not entitled to receive them under the terms of the Protective Order. To the extent I have been given access to CONFIDENTIALINFORMATION, I will not in any way disclose, discuss, or exhibit such information except to those persons whom I know (a) are authorized under the Protective Order to have access to such information, and (b) have executed a similar Disclosure Agreement as this. I will return all materials containing CONFIDENTIAL INFORMATION, copies thereof and notes that I have prepared relating thereto, to counsel for the party with whom I am associated. I agree to be bound by the Protective Order in every aspect and to be subject to the jurisdiction of the United States District

Court for the District of Colorado for purposes of its enforcement and the enforcement of my obligations under this Disclosure Agreement. I declare under penalty of perjury that the foregoing is true and correct.

_____
Signed by Recipient

_____
Name (printed)

_____
Date: