IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Case No. 12-cv-3256-WJM-KLM

ANDRE WALKER,

    Plaintiff,
v.

HEALTH INTERNATIONAL CORPORATION, a Florida corporation,
HSN, INC., a Delaware corporation, and
HSN INTERACTIVE LLC, a Delaware corporation,

    Defendants.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR DISMISSAL**

---

This matter comes before the Court on eight pending motions (ECF Nos. 144, 147, 154, 163, 165, 166, 167, 168) filed after a mediation was held between Plaintiff Andre Walker ("Plaintiff") and Defendants Health International Corporation, HSN, Inc., and HSN Interactive, LLC (collectively "Defendants").  Among these motions is Defendants' Motion for Entry of Order of Dismissal With Prejudice ("Motion for Dismissal").  (ECF No. 168.)  For the reasons set forth below, the Motion for Dismissal is granted.

**I.  BACKGROUND**

A private mediation was held in this case on May 6, 2014, resulting in a Mediated Settlement Agreement ("Agreement") between all parties.  (ECF No. 145.)  Among other conditions, the Agreement required a payment to be made within 30 days of the date of the Agreement, after which "Plaintiff will deliver a release to [Defendants], and by joint stipulation the parties to this agreement shall dismiss all claims between them

with prejudice." (*Id.* ¶ 5.)

On May 9, 2014, Defendants filed a Notice of Settlement and Motion to Stay Deadlines. (ECF No. 140.) The parties then began a litany of filings which revealed a disagreement as to the scope and effect of the Agreement. On the same day, Plaintiff filed a Notice to Court (ECF No. 141) indicating that he disagreed with Defendants' position that the Agreement "resolves all claims asserted between the parties". Instead, Plaintiff contended that "there are significant issues that remain to be resolved, and which may require the filing of an amended complaint." (*Id.*)

Given this disagreement, the Court denied Defendants' Motion to Stay Deadlines. (ECF No. 142.) In response, on May 12, 2014, Defendants filed a Motion for Leave to Restrict, in which they moved to file the Agreement as a restricted document due to a confidentiality provision, and requested reconsideration of the denial of the Motion to Stay Deadlines in view of the contents of the Agreement. (ECF No. 144.) The Agreement was filed as a restricted document for the Court's review. (ECF No. 145.)

On May 13, 2014, Plaintiff filed a Motion for Leave to File Third Amended Complaint ("Motion to Amend"), in which Plaintiff sought to add three new claims against Defendants. (ECF No. 147.) Defendants opposed Plaintiff's Motion to Amend based on their contention that all claims between the parties had been resolved via the Agreement. (ECF No. 152.) On May 29, 2014, Defendants filed a Motion to Enforce Mediated Settlement Agreement ("Motion to Enforce"), requesting an order enforcing the Agreement and awarding costs and attorneys' fees pursuant to the Court's equitable powers. (ECF No. 163.) Plaintiff opposed Defendants' Motion to Enforce,

asserting that "the parties still have to agree on the terms of dismissal." (ECF No. 164.)

On June 13, 2014, Plaintiff filed a Motion for (1) Order Regarding Defendants' Request for Attorney Fees and (2) Entry of Proposed Order of Dismissal ("Motion for Order"). (ECF No. 165.) Plaintiff Motion for Order asked the Court to deny Defendants' request for attorneys' fees in the Motion to Enforce, and attached a proposed Order of Dismissal in order to "carr[y] out the intent of the Agreement." (*Id.*) Within Plaintiff's Motion for Order, he stated that an issue requiring resolution prior to dismissal involved Defendants' refusal to produce certain documents that Plaintiff had requested prior to the mediation, and that Defendants had previously agreed to produce. (*Id.* at 2.)

On June 16, 2014, Defendants filed a Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11. (ECF No. 166.) In the Motion for Sanctions, Defendants requested an award of attorneys' fees and costs incurred in being required to continue the litigation after the parties had entered into the Agreement. (*Id.*) On the same day, Defendants filed a Motion to Strike Plaintiff's Motion for Order Regarding Defendants' Request for Attorney Fees. (ECF No. 167.) Defendants alleged that, while conferring with Plaintiff regarding the filing of a joint stipulation for dismissal, the parties had reached an agreement as to all issues except Defendants' request for attorneys' fees, when Plaintiff abruptly filed his Motion for Order requesting that the Court deny Defendants' fee request. (*Id.* at 3.) Defendants then filed the Motion for Dismissal, requesting the entry of an order dismissing all claims and retaining jurisdiction to consider Defendants' requests for attorneys' fees and sanctions. (ECF No. 168.) Plaintiff filed no response to the Motion for Dismissal.

As a result of the multiplicative motions and the varying positions put forth by the

3

parties, the Court referred this case to U.S. Magistrate Judge Kristen L. Mix for a Status Conference. (ECF No. 169.) The Status Conference was held on July 2, 2014, in which the parties agreed that the case should be dismissed, but disagreed on various conditions of dismissal. (ECF No. 177.) Plaintiff requested the production of the documents he had referred to in his Motion for Order (ECF No. 165), while Defendants requested an award of attorneys' fees and sanctions as set forth in the Motion for Leave to Restrict and Motion for Sanctions (ECF Nos. 163 & 166). (ECF No. 177.)

## II. DISCUSSION

The Court has reviewed the Agreement and finds that it is a settlement agreement which resolves all claims between the parties. The Agreement is captioned with the instant case name and number and states that, after completion of an initial condition, "Plaintiff will deliver a release to [Defendants], and by joint stipulation the parties to this agreement shall dismiss all claims between them with prejudice." (ECF No. 145 ¶ 5.) The initial condition was a payment of a specified amount within 30 days, which was timely satisfied. (*See* ECF No. 165 at 3 n.3.) Several subsequent conditions will not come due until June 1, 2015 at the earliest. (ECF No. 145 ¶ 2.) Plaintiff has already delivered a General Release to Defendants pursuant to the Agreement. (*See* ECF No. 166 at 2 n.2.) Despite Plaintiff's prior statements that the litigation should continue because the Agreement did not resolve all claims between the parties, per counsel's oral representations at the July 2, 2014 Status Conference, both parties now stipulate that the matter should be dismissed. (ECF No. 177.)

"A trial court has the power to summarily enforce a settlement agreement

entered into by the litigants while the litigation is pending before it." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993). Under the plain language of the Agreement, the conditions precedent to dismissal have been satisfied, and the parties have now stipulated to "dismiss all claims between them with prejudice." (ECF No. 145.) Therefore, pursuant to the Agreement, dismissal of this action is appropriate, and the Motion for Dismissal is granted.

Thus, the only issue remaining is whether Defendants should be awarded attorneys' fees for Plaintiff's post-mediation conduct. A court may award attorneys' fees and costs in its discretion pursuant to its equitable powers when a litigant has acted "'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Ryan v. Hatfield*, 578 F.2d 275, 277 (10th Cir. 1978) (quoting *Hall v. Cole*, 412 U.S. 1, 4-5 (1973)). In this case, the parties' current stipulation with respect to dismissal represents a dramatic change in Plaintiff's position since his initial post-mediation filings. Plaintiff initially opposed Defendants' Notice of Settlement and Motion to Stay Deadlines, and moved to file a Third Amended Complaint to add claims against Defendants. (ECF Nos. 141 & 147.) These are not positions that are consistent with a settlement agreement that resolves "all claims between" the parties, as does the instant Agreement.

Plaintiff now contends that his proposed Third Amended Complaint was intended only to "provide a clear record of all of the claims that could have been asserted, and were not asserted in the current pleadings." (ECF No. 176 at 9.) This argument appears disingenuous given Plaintiff's initial post-mediation assertions that he sought to raise claims that were not resolved by the Agreement. (*See* ECF Nos. 141 & 147.) Even if Plaintiff earnestly chose to pursue this strategy solely to enumerate the possible

claims on the record, such a strategy was utterly unnecessary given the blanket language in the Agreement that it would resolve all claims between the parties. (*See* ECF No. 145 ¶ 5.) Further, this strategy does not explain Plaintiff's opposition to Defendants' Motion to Stay Deadlines (ECF No. 141) or Motion for Leave to Restrict (ECF No. 158). Nor does it explain why Plaintiff filed his Motion for Order (ECF No. 165) asking the Court to deny Defendants' request for attorneys' fees when his position was clearly set forth in his Response to Defendants' Motion to Enforce (ECF No. 164).

The Court finds that Plaintiff's actions have unnecessarily multiplied the proceedings at a time when the underlying claims have admittedly been resolved. These actions are not supported by any justifiable litigation strategy, particularly given Plaintiff's current position that the case should be dismissed. Plaintiff has wasted the time and resources of both this Court and the Parties. The Court finds that Plaintiff's vexatious actions fall within the enumerated exceptional circumstances permitting an award of attorneys' fees. *See Ryan*, 578 F.2d at 277. Accordingly, the Court finds it appropriate to award to Defendants their reasonable attorneys' fees and costs incurred after the filing of the initial Notice of Settlement (ECF No. 140).

### III. CONCLUSION

For the reasons set forth above, the Court hereby ORDERS as follows:

1. Defendants' Motion for Dismissal (ECF No. 168) is GRANTED, and this matter is DISMISSED WITH PREJUDICE pursuant to the parties' stipulation and Mediated Settlement Agreement;

2. Pursuant to the Court's equitable powers, Defendants are awarded reasonable attorneys' fees and costs resulting from Plaintiffs' vexatious actions after the

       filing of the Notice of Settlement (ECF No. 140), and Defendants shall file documentation supporting the amounts requested on or before August 29, 2014; and

3.   The remaining motions pending in this case (ECF Nos. 103, 118, 144, 147, 154, 163, 165, 166, 167) are DENIED AS MOOT.

Dated this 4th day of August, 2014.

BY THE COURT:

_____
William J. Martínez
United States District Judge