**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-3256-WJM-KLM

ANDRE WALKER,

     Plaintiff,

v.

HEALTH INTERNATIONAL CORPORATION, a Florida corporation,
HSN, INC., a Delaware corporation, and
HSN INTERACTIVE LLC, a Delaware corporation,

     Defendants.

---

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

---

This matter is before the Court on Plaintiff Andre L. Walker's ("Plaintiff") Request for Reconsideration of Order Granting Defendants' Motion for Dismissal ("Motion"). (ECF No. 183.)  Plaintiff asks the Court to reconsider its finding that Plaintiff had acted vexatiously and unnecessarily multiplied the proceedings, and its consequential award of attorneys' fees to Defendants Health International Corp., HSN, Inc., and HSN Interactive LLC (collectively "Defendants").  (*Id.*)  For the reasons set forth below, Plaintiff's Motion is denied.

## I.  BACKGROUND

The relevant factual and procedural history was recited in the Court's August 4, 2014 Order Granting Defendants' Motion for Dismissal ("Dismissal Order"), and is incorporated herein.  (ECF No. 180 at 1-4.)  In the Dismissal Order, the Court found that the parties had entered into a settlement agreement ("Agreement") on May 6, 2014, that resolved all claims between them, and therefore granted Defendants' Motion for

Dismissal.  (*Id.* at 4-5.)  The Court also granted Defendants' request for an award of

attorneys' fees, finding that Plaintiff's litigation conduct after entering into the Agreement

was vexatious and had unnecessarily multiplied the proceedings.  (*Id.* at 5-6.)

On August 14, 2014, Plaintiff filed the instant Motion seeking reconsideration of

the Dismissal Order.  (ECF No. 183.)  Defendants filed a Response (ECF No. 185), and

Plaintiff filed a Reply (ECF No. 186).

## II.  DISCUSSION

"A motion for reconsideration is appropriate where the court has

misapprehended the facts, a party's position, or the controlling law."  *Servants of*

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A Court may amend a final

order in its discretion where there has been an intervening change in the controlling

law, new evidence that was previously unavailable has come to light, or the Court sees

a need to correct clear error or prevent manifest injustice.  *Id.*  However, motions for

reconsideration "are regarded with disfavor. . . [and are] 'not appropriate to revisit

issues already addressed or advance arguments that could have been raised in prior

briefing.'"  *Kerber v. Qwest Group Life Ins. Plan*, 727 F. Supp. 2d 1076, 1076 (D. Colo.

2010) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

Plaintiff argues that the Court erred in awarding attorneys' fees to Defendants for

two reasons: (1) the Court, not Plaintiff, unnecessarily prolonged the action because

under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) the case should have, or could

have, been dismissed when the Agreement was first filed; and (2) Plaintiff's actions

were not vexatious.  (ECF No. 183.)  Plaintiff makes no argument that there has been a

2

change in law or that new evidence has become available; thus, the Court must find clear error or manifest injustice in order to grant Plaintiff's Motion. *See Servants of the Paraclete*, 204 F.3d at 1012.

The Court has little difficulty rejecting Plaintiff's Rule 41 argument. Defendants filed the Agreement for the Court's review on May 12, 2014, because Plaintiff had opposed extending the deadlines in the Scheduling Order, arguing that "there are significant issues that remain to be resolved, and which may require the filing of an amended complaint." (ECF No. 141.) Plaintiff now argues that, because the Agreement contains language indicating that "by joint stipulation the parties to this agreement shall dismiss all claims between them with prejudice", the Agreement itself acts as a stipulation for dismissal that was automatically effective under Rule 41(a)(1)(A)(ii). (ECF No. 183 at 3, 10-11.) However, on review of the Agreement, the Court notes that the language Plaintiff cites is preceded by a predicate condition: "Upon payment of the $200,000.00 plaintiff will deliver a release to [Defendants], and by joint stipulation the parties to this agreement shall dismiss all claims between them with prejudice." (ECF No. 145 at 1.) This sentence makes clear that the parties' joint stipulation was to be a separate filing that would follow the delivery of payment and a release, and thus the Agreement itself does not act as a stipulation for dismissal under Rule 41(a)(1)(A)(ii).

As for Plaintiff's second argument, the Court reviewed the parties' briefing and Plaintiff's arguments in the Dismissal Order, and declines to repeat that exercise here. The Court has carefully analyzed the Motion, the Dismissal Order, and the parties' briefing since the date of the Agreement. Based on that analysis, the Court concludes

that the Dismissal Order was not clearly erroneous and did not result in manifest injustice.  Plaintiff's newest *post hoc* justifications of its post-mediation behavior are largely implausible, and do not alter the Court's analysis.  To the extent that Plaintiff's Reply in support of the Motion raises additional arguments to which Defendants have been unable to respond, such arguments are waived.  *See* D.C.COLO.LCivR 7.1D (providing for a response, but not a sur-reply, by the non-moving party); *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011) (arguments raised for the first time in a reply brief generally are deemed waived).

Instead of demonstrating any manifest injustice or clear error, Plaintiff's Motion merely "revisit[s] issues already addressed . . . [and] advance[s] arguments that could have been raised in prior briefing."  *Servants of the Paraclete*, 204 F.3d at 1012. Accordingly, the Court finds that Plaintiff has failed to establish that reconsideration is appropriate, and the Motion must be denied.

## III.  CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's Request for Reconsideration of Order Granting Defendants' Motion for Dismissal (ECF No. 183) is DENIED.

Dated this 6th day of February, 2015.

BY THE COURT:

William J. Martínez
United States District Judge

4