**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-3256-WJM-KLM

ANDRE WALKER,

     Plaintiff,

v.

HEALTH INTERNATIONAL CORPORATION, a Florida corporation,
HSN, INC., a Delaware corporation, and
HSN INTERACTIVE LLC, a Delaware corporation,

     Defendants.

---

## ORDER AWARDING ATTORNEYS' FEES

---

Plaintiff Andre L. Walker ("Plaintiff") brought this action against Defendants

Health International Corp., HSN, Inc., and HSN Interactive LLC (collectively

"Defendants"), which was settled by written agreement ("Agreement") on May 6, 2014.

(ECF No. 145.)  Finding that Plaintiff's litigation conduct after entering into the

Agreement was vexatious and had unnecessarily multiplied the proceedings, the Court

granted Defendants' request for an award of attorneys' fees and costs.  (ECF No. 180.)

This matter is before the Court on the Affidavit of Daniel P. Dietrich in Support of

Defendants' Request for Attorneys' Fees and Costs ("Affidavit").[1]  (ECF No. 184.)  For

the reasons set forth below, the fees and costs requested in the Affidavit are awarded

in full.

---

[1] Plaintiff's Opposition to Defendants' Affidavit of Fees (ECF No. 188) was stricken as untimely.  (ECF No. 190.)  Accordingly, the Court has considered only the Affidavit itself in evaluating the reasonableness of the fee award.

Both implicit in any award of attorneys' fees, and explicit in the award in the instant case, is the requirement that any such fees must be reasonable. *See Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986) (party requesting attorneys' fees has burden to "prove and establish the reasonableness of each dollar, each hour, above zero"); *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (prevailing party must make good faith effort to exclude from a fee request any excessive, redundant or otherwise unnecessary hours).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhardt*, 461 U.S. 424, 433 (1983). This is commonly referred to as the "lodestar method" for calculating fees. *Id*. The best evidence of reasonable fees is "meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)). The prevailing party must make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Where such an effort appears "inadequate, the district court may reduce the award accordingly." *Id.* at 433.

As the party seeking fees, Defendants bear the burden of providing the required documentation and demonstrating that the fees they request are reasonable. *See Mares*, 801 F.2d at 1201. The Affidavit here follows the prescribed method of setting forth time records revealing the tasks performed by each attorney during each hour for

which compensation is requested.  *See Ramos*, 713 F.2d at 553.  Three attorneys—

Daniel P. Dietrich, William J. Schifino, Jr., and Angela R. Whitford—expended a total of

58 hours litigating the case after the Agreement was executed, at rates of $350, $475,

and $345 per hour, respectively, for a total request of $20,511.50 in attorneys' fees.

(ECF No. 184 at 9.)  The Court has reviewed the hours and tasks described in the

Affidavit, and finds that both the hours themselves and the attorneys' hourly rates are

reasonable, given the attorneys' respective qualifications.  Consequently, the Court

concludes that $20,511.50 is a reasonable fee in this case.

Accordingly, it is ORDERED that the fees and costs as requested in the Affidavit

of Daniel P. Dietrich in Support of Defendants' Request for Attorneys' Fees and Costs

(ECF No. 184) are awarded in full, and the Clerk of Court shall enter judgment against

Plaintiff and in favor of Defendants in the amount of $20,511.50 in attorneys' fees.

Defendants shall have their costs.

Dated this 24th day of April, 2015.

BY THE COURT:

William J. Martínez
United States District Judge