**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-3256-WJM-KLM

ANDRE WALKER,

    Plaintiff,

v.

HEALTH INTERNATIONAL CORPORATION, a Florida corporation,
HSN, INC., a Delaware corporation, and
HSN INTERACTIVE LLC, a Delaware corporation,

    Defendants.

---

### ORDER ON POST-JUDGMENT MOTIONS

---

Plaintiff Andre L. Walker ("Plaintiff") brought this action against Defendants Health International Corp., HSN, Inc., and HSN Interactive LLC (collectively "Defendants"), which was settled by written agreement ("Agreement") on May 6, 2014. (ECF No. 145.)  Finding that Plaintiff's litigation conduct after entering into the Agreement was vexatious and had unnecessarily multiplied the proceedings, the Court granted Defendants' request for an award of attorneys' fees and costs. (ECF No. 180.) A Judgment Awarding Attorneys' Fees in Defendants' favor was entered on April 27, 2015. (ECF No. 192.)  This matter is before the Court on three post-judgment motions: Defendants' Motion to Strike Plaintiff's Statement (ECF No. 194), Plaintiff's Motion to Stay Judgment Pending Appeal and for Waiver of Supersedeas Bond (ECF No. 195), and Defendants' Motion for Setoff (ECF No. 198).  For the reasons set forth below, Defendants' Motion to Strike and Motion for Setoff are denied, and Plaintiff's Motion to

Stay and for Waiver of Bond is granted in part as to the stay and denied in part as to the waiver of supersedeas bond.

## I. DISCUSSION

The relevant factual and procedural history was recited in the Court's August 4, 2014 Order Granting Defendants' Motion for Dismissal ("Dismissal Order"), and is incorporated herein.  (ECF No. 180 at 1-4.)  After the Dismissal Order was entered, the Court denied Plaintiff's Motion for Reconsideration (ECF No. 187) and ruled on Defendants' request for attorneys' fees (ECF No. 191), resulting in the Judgment Awarding Attorneys' Fees (ECF No. 192).  On May 14, 2015, Plaintiff filed a "Statement," purportedly "[i]n order to clarify issues for appeal," which argued that Plaintiff's opposition to Defendants' fee affidavit was improperly stricken as untimely and asserted that "Plaintiff is the prevailing party in this case." (ECF No. 193 at 1–2.) On May 19, 2015, Defendants responded to the Statement by moving to strike it, arguing that it was an improper attempt to "fabricate a record for appellate purposes after the fact." (ECF No. 194 at 2.)

On May 21, 2015, Plaintiff filed a Notice of Appeal (ECF No. 196) and contemporaneous Motion to Stay Judgment Pending Appeal and for Waiver of Supersedeas Bond (ECF No. 195).  The following day, Defendants filed a Motion for Setoff, requesting an order permitting Defendants to offset their payments to Plaintiff due under the Agreement by the amount Plaintiff owed Defendants pursuant to the Judgment.  (ECF No. 198.)  All three motions are now fully briefed, and the Court will discuss them each in turn.

**A.     Defendants' Motion to Strike**

Defendants seek an order striking Plaintiff's Statement, asserting that it is an improperly filed, unsupported argument regarding issues the Court has already addressed, namely the award of attorneys' fees in Defendants' favor. (ECF No. 194.) Plaintiff filed no response to the Motion to Strike.

The Court finds Plaintiff's Statement generally superfluous and his arguments therein perplexing at best. To the extent that Plaintiff intends his Statement to "clarify issues for appeal," the Court fails to see how Plaintiff's briefs on appeal will be insufficient to do so. However, Defendants have not shown that the Statement must be stricken. Plaintiff does not seek relief from this Court in the Statement, and merely raises issues already present in other briefing in this case. (*See* ECF No. 193.) As such, the Court finds no reason to strike the Statement, and this request is denied.

Defendants' Motion to Strike also contains a separate request for attorneys' fees, costs, and sanctions against Plaintiff. (ECF No. 194 at 2.) Defendants' request violates this Court's Revised Practice Standard III.B., which requires that "[a]ll requests for the Court to take any action . . . must be contained in a separate, written motion[.]" *See also* D.C.COLO.LCivR. 7.1(c) ("A motion . . . shall be made in a separate paper."). Accordingly, this request is also denied.

**B.     Plaintiff's Motion to Stay and for Waiver of Supersedeas Bond**

Plaintiff's Motion to Stay and for Waiver of Supersedeas Bond cites Federal Rule of Civil Procedure 62(d), and recognizes that pursuant to that rule, a stay of execution of the judgment is generally obtained by a judgment debtor's posting of a supersedeas

bond. (ECF No. 195 at 2); Fed. R. Civ. P. 62(d) ("If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The stay takes effect when the court approves the bond."). "[T]he rationale for requiring a bond pending appeal . . . is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency." *Grubb v. FDIC*, 833 F.2d 222, 226 (10th Cir. 1987); *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986) ("the purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution"). Rule 62(d) does not provide for any waiver of the bond requirement, and the Tenth Circuit has held that "a full supersedeas bond should be the requirement in normal circumstances." *Id.*; *Peacock v. Thomas*, 516 U.S. 349, 359 n.8 (1996) ("The district court may only stay execution of the judgment pending the disposition of certain post-trial motions or appeal if the court provides for the security of the judgment creditor.").

Generally, the bonded amount equals the full amount of the judgment. *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1559 (10th Cir. 1996). The Court has discretionary authority to set the amount of the bond in order to ensure that judgment creditors are protected and judgment debtors are not irreparably injured. *Miami Int'l Realty*, 807 F.2d at 874 (approving a reduced supersedeas bond based on appellant's lack of sufficient assets to post bond in the full amount of the judgment and danger that execution of judgment would cause appellant irreparable harm and risk his insolvency).

In its discretion, the Court may reduce or waive the bond requirement, and some courts have imposed additional requirements, such as the debtor "propos[ing] a plan

4

that will provide adequate (or as adequate as possible) security for the appellee." *Id.* at 873–74 (internal quotation marks omitted); *see also, e.g.*, *Pruett v. Skouteris*, 2011 WL 282435, at *7 (W.D. Tenn. Jan. 6, 2011) ("Although a court may forego the requirement of a bond in certain circumstances, there is a presumption in favor of requiring a bond, and the party seeking to dispense with the requirement bears the burden of showing why a bond should not be required.").

The Court considers several factors in determining whether to waive the supersedeas bond requirement: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the Court has in the availability of funds to pay the judgment; (4) whether the appellant's ability to pay the judgment is "so plain that the cost of a bond would be a waste of money," and (5) whether the appellant is in such a precarious financial situation that the requirement to post a bond would place its other creditors at risk. *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988) (waiving bond requirement because City demonstrated the existence of previously appropriated and available funds for the purpose of paying judgments without substantial delay or other difficulty).

Here, Plaintiff argues that the supersedeas bond requirement should be waived entirely because Defendants already owe to Plaintiff, pursuant to the Agreement, a larger sum than Plaintiff owes Defendants under the Judgment. (ECF No. 195 at 3.) Plaintiff appears to argue that Defendants' obligations under the Agreement provide them with adequate security, but Plaintiff has not explained how this is so when Defendants' payment obligations are incremental over the course of ten years.

Defendants point this out in their Response, but Plaintiff declined to file a Reply. Plaintiff does not present any other argument that good cause exists for waiver.

The Court has considered the relevant factors, and finds that Plaintiff has failed to show good cause to waive the bond requirement. Defendants' payments due under the Agreement are separate obligations not challenged under the appeal, and do not establish sufficient security. Moreover, satisfaction of the Judgment via these payments would occur over the course of many months and would necessarily complicate and protract the collection process. Plaintiff has made no argument that it faces any hardship in posting a supersedeas bond. Accordingly, the Court finds that Plaintiff has failed to show that Defendants are provided adequate security, or that posting a full bond is impossible or impractical. *See Miami Int'l Realty*, 807 F.2d at 873–74. The Court concludes that waiving the bond requirement is inappropriate here, and the Motion to Stay and for Waiver of Supersedeas Bond is denied as to waiver.

Nevertheless, Plaintiff may obtain a stay of execution of the Judgment pursuant to the terms of Rule 62(d), by posting a supersedeas bond in the amount of the Judgment. The Motion to Stay is therefore granted in that respect, and a stay will be effective upon the posting of adequate security.

### C.   Defendants' Motion for Setoff

Defendants move for an order permitting the parties to apply their mutual debts as against each other, so that Defendants might defer their monthly payments to Plaintiff under the Agreement until the amount of the Judgment has been satisfied. (ECF No. 198 at 2.) The Court recognizes this payment plan from Plaintiff's proposal in his request for waiver of supersedeas bond, but Defendants rejected such proposal in

the context of security for a stay of execution of the judgment.  Defendants nevertheless propose this payment plan in a different context, but without addressing the fact that Plaintiff's debt under the Judgment is currently on appeal.

The Court declines to order any payment plan at this time, in the form of setoff or otherwise, given the pending appeal and the Court's order above that the execution of the Judgment will be stayed upon Plaintiff's posting of a supersedeas bond. Defendants' Motion for Setoff is therefore denied as premature.  Should the Judgment be affirmed, the parties may revisit this issue.

## II. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. Defendants' Motion to Strike Plaintiff's Statement (ECF No. 194) is DENIED;

2. Defendants' Motion for Setoff (ECF No. 198) is DENIED;

3. Plaintiff's Motion to Stay Judgment Pending Appeal and for Waiver of Supersedeas Bond (ECF No. 195) is GRANTED IN PART as to the stay and DENIED IN PART as to the waiver of bond; and

4. Execution of the Final Judgment in this case shall be STAYED solely upon Plaintiff's delivery to the Clerk of Court, and the Clerk's approval of, a bond in the amount of $20,511.50.

Dated this 5th day of October, 2015.

BY THE COURT:

_____
William J. Martínez
United States District Judge